¶ 23. While I neither endorse nor reject the statement of law provided by the majority, I find fault with the manner in which it applies that statement of law to the facts of this case. The majority states those who become voluntarily intoxicated and injure themselves as a result of this intoxication should not be able to pursue a cause of action against those who merely sold or furnished the alcohol. However, in this case the complaint is void of any admission that the plaintiff was intoxicated voluntarily, and no such allegation is made in the defendant's answer. In addition, the trial court, in reaching beyond the pleadings in its determination of the defendant's motion, turned it into one for summary judgment. Because there is a genuine issue of material fact as to the voluntariness of the plaintiff's intoxication, I would reverse the judgment of the trial court and remand this case for further proceedings. Accordingly, I dissent.
¶ 24. Under Miss. Code Ann. § 67-1-83 (Rev. 2001), the plaintiff must show that he was visibly intoxicated and that the defendant *Page 819 
served him while he was visibly intoxicated. However, the majority has held today that the defendant may rebut with our equally divided decision inCuevas v. Royal D'Iberville Hotel, 498 So.2d 346 (Miss. 1986), that those who become voluntarily intoxicated and injure themselves as a result of this intoxication should not be able to pursue a cause of action against those who merely sold or furnished the alcohol.
¶ 25. In this case, the circuit court granted a judgment on the pleadings because it found that the plaintiff was voluntarily intoxicated. However, the voluntariness of the plaintiff's intoxication was not addressed in either of the pleadings. It was mentioned for the first time in the defendant's memorandum in support of motion for judgment on the pleadings. Thus, the circuit court wandered beyond the pleadings in ruling on the motion. Therefore, as the majority points out in a footnote, the defendant's motion should have been handled in accordance with M.R.C.P. 56,[3] which it was not.
¶ 26. In addition, there is a genuine issue of material fact as to the voluntariness of the plaintiff's intoxication. By removing all clocks, creating huge open spaces with absolutely no windows and surrounding the consumer with constant stimulations of light and sound, casinos strive to create an environment where time goes by unnoticed. See George Ritzer Todd Stillman, The Modern Las Vegas Casino-Hotel: The ParadigmaticNew Means of Consumption, 4 Management, page no. 3 (2001). Calling casino-hotels "cathedrals of consumption,"casinos are purposefully designed in order to make the consumer stay and gamble more than they normally would and longer than they intend. Id. As the plaintiff notes in the complaint, the whole time that the consumer is in the midst of this manipulated environment, he is also constantly bombarded with free alcohol. This is how casinos make their money. By removing inhibitions and altering consumers' concepts of time, they urge and entice the customer to stay longer and gamble more. There is even an elaborate system of "comps" which reward those who stay longer and gamble more.Id.
¶ 27. This is not to say that casinos are evil or are totally to blame. While they figuratively shove alcohol down their customers' throats, no one here argues that such is done literally. However, questions begin to emerge. First, when casinos set out a deliberate plan such as this, do they not at some point owe a duty to those customers whom they have manipulated? Second, do they also not take at least some
part of fault as contributing to the customer's intoxicated state through this manipulation.
¶ 28. However, the ultimate question is whether this manipulation of the customer and his environment renders his subsequent intoxication completely voluntary within the law? By considering information outside of the pleadings, the trial court effectively turned this inquiry into one of the propriety of summary judgment. In addition, I reiterate that this alleged voluntary intoxication should have been pled as an affirmative defense. Notwithstanding, there is a genuine issue of material fact as to the voluntariness of the *Page 820 
plaintiff's intoxication and therefore, summary judgment was inappropriate. I would reverse the judgment of the trial court and remand this case for further proceedings.
¶ 29. For these reasons, I dissent.
[3] There is also an issue as to whether the affirmative defense of voluntary intoxication was raised in the answer as required by M.R.C.P. 8(c), as the defendant pled that the plaintiff was contributorily negligent, but never specifically alleged that the intoxication was voluntary. It should also be noted that the defendant never alleged that there was no genuine issue of material fact and thus, cannot be said to have met its burden under M.R.C.P. 56.